**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Jessica Hinton, et al.,<br><br>                 Plaintiffs,<br>vs.<br><br>Completely Innocent LLC,<br><br>                 Defendant. | No.  CV-21-01019-PHX-SPL<br><br>**ORDER** |

       Plaintiffs Jessica Hinton, Cielo Jean Gibson, Katarina Van Derham, and Claudia Sampedro (collectively, "Plaintiffs") filed a Complaint against Defendant Completely Innocent LLC ("Defendant"). (Doc. 1). The Complaint asserts seven claims related to Defendant's alleged misappropriation and unauthorized publication of images of Plaintiffs to promote its nightclub. (*Id.* at 2). Defendant was served on July 12, 2021. (Doc. 8). Defendant has failed to answer or respond to the Complaint, or to otherwise appear in this action. On August 31, 2021, Plaintiffs filed an Application for Entry of Default against Defendant pursuant to Federal Rule of Civil Procedure ("FRCP") 55(a). (Doc. 10). On September 2, 2021, the Clerk of Court entered default as to Defendant. (Doc. 11).

       On October 18, 2021, this Court ordered Plaintiffs to show cause by October 22, 2021 why the action should not be dismissed for failure to prosecute. (Doc. 14). On October 22, 2021, Plaintiffs filed the instant Motion for Default Judgment pursuant to FRCP 55(b)(2) requesting an entry of default judgment and relief in the form of damages and an injunction. (Doc. 15). Defendant has not responded.

Because Defendant's default has been properly entered under FRCP 55(a) (*see* Doc. 11), the Court has discretion to grant default judgment against Defendant pursuant to FRCP 55(b). *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980); *Draper v. Coombs*, 792 F.2d 915, 924 (9th Cir. 1986). Factors the Court may consider include: (1) the possibility of prejudice to the plaintiff; (2) the merits of the claim; (3) the sufficiency of the complaint; (4) the amount of money at stake; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect; and (7) the policy favoring a decision on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

In their Motion, Plaintiffs fail to meaningfully address the *Eitel* factors. Plaintiffs argue that factors two, three, and five "strongly favor" a default judgment because Plaintiffs have already succeeded on similar claims against similar defendants in other cases.[1] This rather cursory argument fails to demonstrate why factors two, three, and five are met in the present case. After all, the fact that another court has previously ruled in Plaintiffs' favor on similar claims says only so much about the merits of the *present* claims, the sufficiency of the *present* Complaint, or the possibility of a dispute concerning material facts in the *present* case. Moreover, even if Plaintiffs' argument carried greater weight, it would still only be persuasive as to two of Plaintiffs' seven claims in this case—the right of publicity claim and the Lanham Act claim. Plaintiffs must show—for each claim upon which default judgment is sought—that they have stated claims on which they may recover. *See Zekelman Indus. Incorp. v. Marker*, No. CV-19-02109-PHX-DWL, 2020 WL 1495210, at *5 (D. Ariz. Mar. 27, 2020) ("Plaintiffs seek entry of default judgment on seven grounds, covering all eight counts of their complaint. Unfortunately, Plaintiffs devoted less than half of one page of their default-judgment motion to the merits and sufficiency of the complaint, merely asserting in a conclusory fashion that the complaint pleads all the elements of all

---

[1] Specifically, Plaintiffs point to two other cases in this District in which Plaintiffs were granted summary judgment on state right of publicity claims. (Doc. 16 at 4). Plaintiffs also point to a case in which the jury decided in their favor on a Lanham Act claim against a similarly situated defendant. *Id.*

the causes of action.").

Plaintiffs further fail to meaningfully address any of the other factors. Instead, Plaintiffs merely assert in a conclusory fashion that they are entitled to default judgment "because each of the above-enumerated factors . . . favor Plaintiffs." (Doc. 16 at 4). Because Plaintiffs do not adequately address all the *Eitel* factors, the Court will deny the motion for default judgment without prejudice. Plaintiffs shall be afforded an opportunity to refile the motion. The new motion shall fully address each *Eitel* factor.

Accordingly,

**IT IS ORDERED** that Plaintiffs' motion for default judgment (Doc. 15) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Plaintiffs shall have until **December 16, 2021** to file a new motion for default judgment consistent with this order.

Dated this 17th day of November, 2021.

　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　Honorable Steven P. Logan
　　　　　　　　　　　　　　　　　　　United States District Judge