**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jessica Hinton, et al.,<br><br>               Plaintiffs,<br><br>vs.<br><br>Completely Innocent LLC,<br><br>               Defendant. | No.  CV-21-01019-PHX-SPL<br><br>**ORDER** |

Before the Court is Plaintiffs Jessica Hinton, Cielo Jean Gibson, Katarina Van Derham, and Claudia Sampedro's (collectively, "Plaintiffs") Motion for Fees and Costs Against Defendant Completely Innocent LLC (Doc. 22). No response to the Motion has been filed. Having reviewed Plaintiffs' Motion, the exhibits attached thereto, and the record in this matter, the Court rules as follows.

## I.    BACKGROUND

On June 11, 2021, Plaintiffs filed a Complaint against Defendant Completely Innocent LLC, doing business as Club Luxx ("Defendant" or "Club Luxx"). (Doc. 1). The Complaint sought damages and injunctive relief for Defendant's alleged misappropriation and unauthorized publication of images of Plaintiffs to promote its nightclub. (*Id.* at 2). On September 2, 2021, the Clerk of Court entered default as to Defendant after it failed to answer or otherwise respond to the Complaint or otherwise appear in this action. (Doc. 11). On January 7, 2022, this Court granted Plaintiffs' Motion for Default Judgment and entered judgment in Plaintiffs' favor on Counts One (Lanham Act false association claim) and Two

(right of publicity claim).[1] (Doc. 20 at 12). The Court further awarded Plaintiffs $85,000 in actual damages but denied Plaintiffs' request for a permanent injunction and denied without prejudice Plaintiffs' request for costs and fees. (*Id.* at 13).

Plaintiffs now file this Motion for Fees and Costs, requesting an award of $19,561.50—specifically, $18,222.50 in attorneys' fees and $1,339.00 in costs—from Defendant. (Doc. 22 at 1). Defendant failed to respond to Plaintiffs' Motion.

## II.     **LEGAL STANDARD**

Federal Rule of Civil Procedure ("FRCP") 54(d) provides that any "claim for attorneys' fees and related nontaxable expenses must be made by motion." Fed. R. Civ. P. 54(d)(2). "Unless a statute or a court order provides otherwise, the motion must:

> (i) be filed no later than 14 days after the entry of judgment;
>
> (ii) specify the judgment and the statute, rule, or other grounds entitling the movant to the award;
>
> (iii) state the amount sought or provide a fair estimate of it; and
>
> (iv) disclose, if the court so orders, the terms of any agreement about fees for the services for which the claim is made.

Fed. R. Civ. P. 54(d)(2)(B). FRCP 54(d) also provides that courts may establish their own local rules to resolve fee-related issues. Fed. R. Civ. P. 54(d)(2)(D). In this District, Local Rules of Civil Procedure ("LRCiv") 54.1 and 54.2 apply to requests for costs and fees.

## III.    **DISCUSSION**

Plaintiffs request that this Court grant their motion and award them attorneys' fees in the amount of $18,222.50 and costs in the amount of $1,339.00. (Doc. 22 at 9). The Court will first address Plaintiffs' request for attorneys' fees and will then turn to costs.

### A. Plaintiffs' Request for Attorneys' Fees

Under LRCiv 54.2, "[a] party requesting an award of attorneys' fees must show that it is (a) eligible for an award, (b) entitled to an award, and (c) requesting a reasonable

---

[1] The Court also dismissed Counts Three through Seven in their entirety, in accordance with Plaintiffs' request that those claims be withdrawn. (Doc. 20 at 2, 12).

amount." *Thompson v. Ariz. Movers & Storage Inc.*, No. CV-17-03819-PHX-DGC, 2018 WL 2416187, at *1 (D. Ariz. May 29, 2018) (citing LRCiv 54.2(c)). "The moving party must attach supporting documentation to any request for attorneys' fees, including (1) a statement of consultation, (2) a complete copy of any written fee agreement, (3) a task-based itemized statement of time expended and expenses incurred, and (4) an affidavit of moving counsel." *Rindlisbacher v. Steinway & Sons Inc.*, No. CV-18-01131-PHX-MTL, 2021 WL 2434207, at *2 (D. Ariz. May 26, 2021) (citing LRCiv 54.2(d)). Here, Plaintiffs properly attach documentation to support their request for attorneys' fees. While they do not include an explicit statement of consultation, the Court recognizes that Defendant's failure to appear or otherwise respond in this matter makes such consultation difficult if not impossible. The Court is satisfied with the documentation that Plaintiffs did provide—that is, a declaration from Plaintiffs' lead counsel, John V. Golaszewski, and a spreadsheet that serves as a task-based, itemized statement of time expended and expenses incurred. (Doc. 22-2 at 1–10). Plaintiffs also attach invoices from two other firms that assisted Plaintiffs' counsel in this matter. (*Id.* at 11–16). Setting aside the sufficiency of Plaintiffs' supporting documentation, the Court now turns to whether Plaintiffs have satisfied LRCiv 54.2's three requirements: eligibility, entitlement, and reasonableness.

First, as to eligibility, LRCiv 54.2(c)(1) requires a plaintiff to "specify the judgment and cite the applicable statutory or contractual authority upon which the movant seeks an award of attorneys' fees." Here, Plaintiffs rely on the Lanham Act for authority justifying an award of attorneys' fees. (Doc. 22 at 2). Indeed, the Lanham Act provides that "[t]he court *in exceptional cases* may award reasonable attorney fees to the prevailing party." 15 U.S.C. § 1117(a) (emphasis added). In determining what constitutes an "exceptional case," the Ninth Circuit has recognized that the Supreme Court's decision in *Octane Fitness* is controlling. *SunEarth, Inc. v. Sun Earth Solar Power Co., Ltd.*, 839 F.3d 1179, 1180–81 (9th Cir. 2016). In *Octane Fitness*, the Supreme Court held that a court analyzing a request for fees "should look to the 'totality of the circumstances' to determine if the infringement was exceptional." *Id.* at 1180 (citing *Octane Fitness, LLC v. ICON Health &*

*Fitness, Inc.*, 572 U.S. 545, 553–54 (2014)). "The Supreme Court explained that an 'exceptional' case is

> simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated. District courts may determine whether a case is "exceptional" in the case-by-case exercise of their discretion, considering the totality of the circumstances.

*Id.* (quoting *Octane Fitness*, 572 U.S. at 554). The Supreme Court provided a nonexclusive list of factors that a district court can consider when determining whether to award fees: "frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence." *Octane Fitness*, 572 U.S. at 554, n.6 (quoting *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534, n.19 (1994)). "The Court further clarified that the applicable burden of proof for fee entitlement was the preponderance of the evidence standard and not proof by 'clear and convincing evidence.'" *SunEarth, Inc.*, 839 F.3d at 1181 (citing *Octane Fitness*, 572 U.S. at 557).

Here, Plaintiffs have prevailed on their claim for violation of the Lanham Act by obtaining default judgment. Plaintiffs are, therefore, a prevailing party eligible for an award of reasonable attorneys' fees under the Lanham Act, *provided that* this case constitutes an "exceptional case." Plaintiffs argue that this is an "exceptional case" under the *Octane Fitness* standard because their litigating position was "extremely strong" and Defendant's litigating position was "particularly weak." (Doc. 22 at 3). The Court agrees with Plaintiffs. In this Court's January 7, 2022 Order granting default judgment to Plaintiffs, this Court found that, "[g]iven the sufficiency of the Complaint . . . and Defendant's default . . . no genuine dispute of material facts" existed with respect to Plaintiffs' claims and that Plaintiffs "sufficiently stated claims for relief against Defendant for violations of the Lanham Act and of Arizona's common-law right of publicity." (Doc. 20 at 5–6). Specifically with respect to Plaintiffs' Lanham Act claim, the Court found that Plaintiffs

had "clearly established" all four elements of a Lanham Act false association claim. (*Id.* at 6–7). Defendant used images of Plaintiffs without first obtaining their permission or providing them with any renumeration, and Defendant's use "was likely to cause confusion or deceive viewers into believing that Plaintiffs worked at, promoted, endorsed, or were otherwise affiliated with [Defendant]." (*Id.* at 7). This representation of Plaintiffs was false, because Plaintiffs were never employed by or otherwise affiliated with Defendant at any time. (*Id.*). Finally, Plaintiffs were injured by being denied the fair market value of Defendant's use of their images. (*Id.*). As Plaintiffs argue, these findings by the Court demonstrate the strength of Plaintiffs' litigating position and the corresponding weakness of Defendant's.

The Court further finds that a fee award advances considerations of compensation and deterrence. Defendant willfully used Plaintiffs' images in advertising without Plaintiffs' consent and without providing Plaintiffs any renumeration. As Plaintiffs point out, the fact that many of the images remained posted on Club Luxx's social media pages as recently as January 19, 2022—more than seven months after this suit commenced—further evidences Defendant's willfulness. *See Ramada Franchise Sys., Inc. v. Boychuk*, 283 F. Supp. 2d 777, 793 (N.D.N.Y. 2003) ("If the infringing conduct was truly innocent, or in good faith, or of a non-willful and deliberate nature, the unauthorized use should have ceased once suit was filed. It did not. Therefore, because the infringement was knowing, willful, and deliberate, this case qualifies as 'exceptional' and attorneys' fees are appropriate under the Lanham Act."). Moreover, Defendant's decision to not appear in this action should not be rewarded. In exercising its equitable discretion and considering the totality of the circumstances and the lower, preponderance of the evidence standard applicable here, this Court finds that this case "stands out from others" and is "exceptional" such that attorneys' fees are appropriate under the Lanham Act.

While this Court has found that Plaintiffs are eligible for attorneys' fees under the Lanham Act, this finding only applies to fees related to work done *on Plaintiffs' Lanham Act claim*. This Court's eligibility finding does *not* apply to fees attributed to Counsel's

work on Plaintiffs' *non*-Lanham Act claims.[2] In *Gracie*, the Ninth Circuit held that, "as a general matter, a prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for work related to the Lanham Act claims." *Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000). In making this holding, the Ninth Circuit recognized that it is sometimes difficult to differentiate between work done on Lanham Act claims and work done on other claims. *Id.* at 1069–70. Thus, while the Ninth Circuit found that the general rule requires allocation or apportionment of attorneys' fees between Lanham Act and non-Lanham Act claims, the Ninth Circuit also held that "in a specific case apportionment might not be required" if the claims are "so intertwined" that it is "impossible to differentiate between work done on claims." *Id.*

Thus, in the present case, Plaintiffs are *not* eligible for attorneys' fees for work related to Plaintiffs' non-Lanham Act claims. The Court must apportion Plaintiffs' fee award accordingly, unless it finds that apportionment is impossible. In *Gracie*, the district court found that "it would be impossible to estimate the exact percentage of defendants' fees that are attributable to Lanham Act claims" and declined to apportion the fees. *Id.* at 1070. In reversing and remanding the district court's holding, the Ninth Circuit held that "[w]hile calculating an 'exact percentage' may be impossible, *this does not relieve the district court* of its duty to make *some* attempt to adjust the fee award to reflect, *even if imprecisely*, work performed on non-Lanham Act claims." *Id.* (emphasis added).

Here, Plaintiffs' work can broadly be divided into four categories: (i) work related to drafting and filing the Complaint; (ii) work related to Counsel's pro hac vice application;

---

[2] Aside from the Lanham Act claim, Plaintiffs also brought claims for (i) violation of the common law right of publicity, (ii) unfair or deceptive trade practices, (iii) unfair competition, (iv) negligence and *respondeat superior*, (v) conversion, and (vi) unjust enrichment. (Doc. 1 at 13–19). While this Court dismissed all but the right of publicity claim (Doc. 20 at 2), the fact remains that Plaintiffs cannot point to the Lanham Act provision to justify their eligibility for attorneys' fees for work done on non-Lanham Act claims. *See Gracie v. Gracie*, 217 F.3d 1060, 1069 (9th Cir. 2000) (holding that "a prevailing party in a case involving Lanham Act and non-Lanham Act claims can recover attorneys' fees only for work related to the Lanham Act claims").

(iii) work related to Plaintiffs' Application for Entry of Default and Plaintiffs' two motions for default judgment; and (iv) work related to Plaintiffs' drafting of the instant Motion for Fees and Costs. (*See* Doc. 22-2 at 8–9). With respect to the latter three categories, the Court finds that apportionment is impossible. Counsel's work on his pro hac application, on Plaintiffs' default judgment motions, and on the Motion for Fees and Costs related to Plaintiffs' case *as a whole*—that is, such work was not closely tied to any single claim and cannot be categorized as either Lanham Act or non-Lanham Act work. As a result, the Court will not apportion Plaintiffs' requested fees in these areas and finds that Plaintiff's eligibility for fees under the Lanham Act sufficiently covers this work.

That said, Plaintiffs' work related to drafting and filing the Complaint undoubtedly involved work that can be directly attributed to Plaintiffs' non-Lanham Act claims. After all, six of Plaintiffs' seven claims in the Complaint were not brought under the Lanham Act. (*See* Doc. 1 at 13–19). Thus, the Court has a duty to make "some attempt" to adjust Plaintiffs' fee award in an effort to reflect an apportionment. *See Gracie*, 217 F.3d at 1070. While Plaintiffs' breakdown of attorneys' fees does not provide enough detail to allow an exact determination of what Complaint-related work may or may not be directly attributed to Plaintiffs' Lanham Act claim, such an "exact percentage" is not necessary. *See id.* Instead, the 14.3 hours spent prior to the filing of the Complaint will be reduced by 20 percent.[3] The Court finds that such a reduction fairly reflects the fact that some of the work done by Counsel prior to the filing of the Complaint related to Plaintiffs' non-Lanham Act claims. While it could be argued that a *higher* reduction is justified—after all, *six* out of Plaintiffs' seven claims were non-Lanham Act claims—the Court acknowledges the overlap that exists between Plaintiffs' claims. Namely, all seven claims generally rely on the same factual basis and stem from the same alleged misconduct: Defendants' misappropriation and unauthorized publication of images of Plaintiffs to promote its

---

[3] Specifically, this reduction applies to the first *four* entries in Plaintiffs' spreadsheet: (i) May 24, 2021, for 10.0 hours; (ii) June 7, 2021, for 2.2 hours; (iii) June 8, 2021, for 1.3 hours; and (iv) June 8, 2021, for 0.8 hours. (Doc. 22-2 at 9).

nightclub. As a result, any work that involved gathering facts and including them in the Complaint could just as easily be attributed to the Lanham Act claim as it could be attributed to the non-Lanham Act claims. At the same time, it cannot be disputed that—by including non-Lanham Act claims—Counsel's work necessarily involved work that had nothing to do with the Lanham Act at all. For example, Counsel presumably had to conduct legal research related to the elements of each non-Lanham Act claim and then had to draft a Complaint that sufficiently plead facts establishing those elements. In sum, the Court finds that a 20-percent reduction appropriately reflects—"even if imprecisely"—work performed on non-Lanham Act claims. This 20-percent reduction results in a $716 reduction to Plaintiffs' fees.[4]

The Court now turns to the second required showing for an award of attorneys' fees: entitlement. LRCiv 54.2(c)(2) requires Plaintiffs to "discuss the applicable factors deemed relevant in determining whether attorneys' fees . . . should be allowed, with citation(s) to the relevant legal authority." The Court finds that this requirement is largely met by Plaintiffs' reference to the Lanham Act and the *Octane Fitness* standard, as discussed above. However, LRCiv 54.2(c)(2) nonetheless raises another issue with Plaintiffs' fee request—specifically with respect to Plaintiffs' request for fees related to the preparation of the instant motion. LRCiv 54.2(c)(2) provides that:

> If the moving party claims entitlement to fees for preparing the motion and memorandum for award of attorneys' fees and related non-taxable expenses, such party *also must cite the applicable legal authority supporting such specific request*.

---

[4] Counsel billed 4.3 hours for attorney work at a $600 per hour rate, and 10.0 hours for paralegal work at a $100 per hour rate. (Doc. 22-2 at 9). Thus, the total requested fee for work done prior to the Complaint's filing is $3,580.00. The Court now reduces this total by 20 percent, or $716.

Separately, the Court notes that Plaintiffs' Motion focuses *only* on how the Lanham Act provision, as interpreted under the *Octane Fitness* standard, entitles them to fees. Plaintiffs fail to offer any other legal justification that might alternatively "save" their request with respect to fees incurred doing non-Lanham Act work. Thus, if the Lanham Act does not entitle Plaintiffs to fees for particular work, nothing else does either.

LRCiv 54.2(c)(2) (emphasis added). Here, Plaintiffs request fees for 13.2 hours billed in preparing this Motion for Fees and Costs.[5] Plaintiffs do not, however, cite to any applicable legal authority supporting this request. The Court finds that Plaintiffs are therefore not entitled to payment for the 13.2 hours of attorney time spent in preparing the instant motion. This results in a reduction of $5,610 from Plaintiffs' total fee award.[6] *See Moshir v. Automobili Lamborghini Am. LLC*, 927 F. Supp. 2d 789, 803–04 (D. Ariz. 2013) ("[Plaintiff] has failed to specifically cite any applicable legal authority supporting his claim of entitlement to fees for preparing the motion and memorandum for award of attorneys' fees, as required by LRCiv 54.2(c)(2). . . . Accordingly, [Plaintiff] has not shown that he is entitled to recovery for the 22.6 hours of attorney time spent in preparing his motion for fees and costs. The court will reduce the reasonable hours component of the lodestar calculation accordingly."); *Croomes v. Stream Glob. Servs.-AZ, Inc.*, No. CV11-0141-PHX-JAT, 2012 WL 1247021, at *4 (D. Ariz. Apr. 13, 2012) (denying defendant's request for fees incurred in preparing motion for fees and costs because defendant failed to cite any legal authority supporting request); *J & J Sports Prods., Inc. v. Margaillan*, No. CIV 13-312-TUC-CKJ, 2014 WL 169801, at *2 (D. Ariz. Jan. 15, 2014) ("No authority having been provided for an award for the preparation of the pending motion, the Court will reduce the requested award by $450.00 (2.75 hours), the amount requested for the preparation of the pending motion.").[7]

---

[5] The Court is referring to the eight time entries between January 11 and January 20, 2022. (*See* Doc. 22-2 at 8). The Court does *not* include the January 19, 2022 entry for "email review from atty; screen capture" because it is unclear whether this related to Plaintiffs' Motion for Fees and Costs.

[6] Counsel billed 8.8 hours for attorney work at a $600/hour rate, and 4.4 hours for paralegal work at a $75/hour rate. (Doc. 22-2 at 8). Thus, the total requested fee for work done preparing the instant motion is $5,610.00. The Court reduces this amount entirely.

[7] The Court recognizes that the Ninth Circuit generally permits an award of fees for time expended in preparing a motion for attorneys' fees. *See In re Nucorp Energy, Inc.*, 764 F.2d 655, 659–60 (9th Cir. 1985) ("In statutory fee cases, federal courts, including our own, have uniformly held that time spent in establishing the entitlement to and amount of

Finally, the Court turns to the third required showing for an award of fees—the reasonableness of Plaintiffs' fee request. In assessing reasonableness, federal courts begin with the "lodestar figure," which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Next, the Court "determines whether to modify the lodestar figure, upward or downward, based on factors not subsumed in the lodestar figure." *Kelly v. Wengler*, 822 F.3d 1085, 1099 (9th Cir. 2016). "These factors are known as the *Kerr* factors." *Stetson v. Grissom*, 821 F.3d 1157, 1167 (9th Cir. 2016) (citing *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). "There is a strong assumption that the 'lodestar' method represents the reasonable fee," *Casavelli v. Johanson*, No. CV-20-00497-PHX-JAT, 2021 WL 3400608, at *6 (D. Ariz. July 20, 2021), and an adjustment based on the *Kerr* factors is generally appropriate "only in rare or exceptional cases." *Cunningham v. Cnty. of L.A.*, 879 F.2d 481, 488 (9th Cir. 1988)). The *Kerr* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

---

the fee is compensable."); *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 479 (D. Ariz. 2019) (citing *In re Nucorp*, 764 F.2d at 660) ("[I]t would be inconsistent to dilute a fees award by refusing to compensate attorneys for the time they reasonably spent in establishing their rightful claim to the fee.").

However, "district courts are free to adopt local rules regarding the filing of motions for attorneys' fees and expenses." *Moshir*, 927 F. Supp. 2d at 803, n.14 (citing *Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004)). Here, the District has adopted a local rule clearly requiring a party to cite supporting legal authority whenever it requests fees for time spent preparing a motion for such fees. LRCiv 54.2(c)(2). Thus, the Court has discretion to deny Plaintiffs' request because Plaintiffs failed to comply with the local rules. *See United States v. Warren*, 601 F.2d 471, 474 (9th Cir. 1979) ("Only in rare cases will we question the exercise of discretion in connection with the application of local rules.").

*Kerr*, 526 F.2d at 70; *see also* LRCiv 54.2(c)(3) (providing same list of factors for determining reasonableness of requested award); *Isom v. JDA Software Inc.*, 225 F. Supp. 3d 880, 888 (D. Ariz. 2016) (listing some of *Kerr* factors and citing to LRCiv 54.2(c)(3)).

Here, with respect to the reasonableness of the hourly rates, Plaintiffs attach to this Motion the Declaration of John V. Golaszewski, lead counsel for Plaintiffs. (Doc. 22-2 at 1–6). Mr. Golaszewski, a partner of The Casas Law Firm, P.C., has 17 years of relevant experience, including six years of specific experience with right of publicity and Lanham Act lawsuits. (*Id.* at 1–2). According to the Declaration, Mr. Golaszewski's firm billed 62.2 hours on this matter, constituting $18,222.50 in attorneys' fees. (*Id.* at 5). Mr. Golaszewski clearly states his own hourly rate and that of his co-counsel ($600 per hour), as well as the rates of the two paralegals involved in this matter ($100 and $75 per hour, respectively). (*Id.* at 4). He avers that these rates are comparable with the prevailing market rates and have been adjusted for this geographic region. (*Id.* at 5). Plaintiffs additionally cite two cases in which similar rates were charged for comparable work. (Doc. 22 at 8–9). All told, in light of Counsel's experience and specialized knowledge, the Court finds the hourly rates in this matter reasonable and will not reduce them.

As to the reasonableness of the hours expended, the Court has reviewed the spreadsheet attached as an exhibit to Mr. Golaszewski's Declaration. (Doc. 22-2 at 8–9). The spreadsheet details all of the time entries for which Plaintiffs now seek attorneys' fees. (*Id.*). The time entries include dates, durations, specific descriptions, rates, and the individual responsible for the task. (*Id.*). In the Declaration, Mr. Golaszewski avers that the hours expended in the prosecution of this case were reasonable and necessary in light of all the legally relevant factors involved and the fact that a judgment was obtained against Defendant. (*Id.* at 5). All told, the Court finds that—aside from the issues addressed above with respect to Plaintiffs' entitlement to fees related to work on non-Lanham Act claims and Plaintiffs' request for fees incurred while preparing the instant motion—the Court finds that the hours expended in this matter, as documented in the spreadsheet, are reasonable and appropriately reflect all relevant factors. After reducing Plaintiffs' fee award by $716

for work done on non-Lanham Act claims and by $5,610 for time expended in preparing the instant motion, Plaintiffs are awarded $11,896.50 in reasonable attorneys' fees.

### B. Plaintiffs' Request for Costs

The Court denies Plaintiffs' request for $1,339.00 because Plaintiffs failed to file a bill of costs or otherwise substantiate their request with documentation. Plaintiffs' Motion focuses entirely on attorneys' fees; it does not explain the basis of Plaintiffs' request for costs. The exhibits attached to Plaintiffs' Motion also fail to address Plaintiffs' request for costs or otherwise catalogue how Plaintiffs reached the $1,339.00 figure. In failing to file a bill of costs—or otherwise provide any justification for their request—Plaintiffs failed to follow LRCiv 54.1(a), which provides that

> a party entitled to costs shall, within fourteen (14) days after the entry of final judgment, . . . file with the Clerk of Court and serve upon all parties, a bill of costs on a form provided by the Clerk. This bill of costs shall include a memorandum of the costs and necessary disbursements, so itemized that the nature of each can be readily understood, and, where available, documentation of requested costs in all categories must be attached. The bill of costs shall be verified by a person acquainted therewith.

LRCiv. 54.1(a). While it is true that Plaintiffs, as the prevailing party, are entitled to costs under the Lanham Act—*see* 15 U.S.C. § 1117(a) ("When a violation [of this Act has] been established . . . the plaintiff shall be entitled . . . to recover . . . the costs of the action.")— the Court here has no way of confirming that the requested amount ($1,339.00) is justified. Therefore, the Court denies Plaintiffs' request for costs. *See, e.g.*, *Gary v. Carbon Cycle Ariz. LLC*, 398 F. Supp. 3d 468, 480–82 (D. Ariz. Aug. 16, 2019) (recognizing that "the decision whether to award costs ultimately lies within the sound discretion of the district court" and denying plaintiff's request for taxable costs "due to Plaintiff's failure to strictly comply with the requirements of [FRCP] 54(d) and LRCiv 54.1").

///

///

///

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV.   **CONCLUSION**

In conclusion, this Court grants as modified Plaintiffs' request for attorneys' fees and denies entirely Plaintiffs' request for costs. Specifically, Plaintiffs' request for attorneys' fees is reduced by $716 for work done on the Complaint related to Plaintiffs' non-Lanham Act claims and by $5,610 for time expended in drafting the instant motion. This results in a total reduction of $6,326 from Plaintiffs' $18,222.50 request.

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion for Fees and Costs Against Defendant Completely Innocent LLC (Doc. 22) is **granted in part and as modified** to the extent Plaintiffs request an award of attorneys' fees. Plaintiffs are awarded $11,896.50 in attorneys' fees.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Fees and Costs Against Defendant Completely Innocent LLC (Doc. 22) is **denied in part** to the extent Plaintiffs request an award of costs. Plaintiffs are not awarded the requested $1,339.00 in costs.

Dated this 28th day of April, 2022.

Honorable Steven P. Logan
United States District Judge

13